**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 7 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIAM E. WILLIAMS, individually
and on behalf of Sarah J. Williams and
Jennifer C. Williams, minor children,

       Plaintiff-Appellant,

v.

ANGELA JEWELL, Judge, Second
Judicial District of New Mexico; ANNE
KASS, Judge, Second Judicial District of
New Mexico; JEFFREY KAUFFMAN;
JOANNE C. TORREY; DANIEL
BOWMAN, New Mexico Human
Services Department; SHARON
DAVIDSON, New Mexico Human
Services Department; JOHN BLACK;
JON FEDER; WILLIAM THOMAS,
Iowa District Judge,

       Defendants-Appellees.

Case No. 96-2160

(D.C. 96-857 SC/LFG,
 96-641 SC/LCS)
(District of New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

---

After examining the briefs and appellate record, this panel has unanimously

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.[1]

Plaintiff-Appellant William E. Williams, proceeding pro se, appeals from the district court's order denying him injunctive and declaratory relief on his complaint challenging proceedings under the Child Support Recovery Act ("CSRA") of 1992, 18 U.S.C. § 228, as violative of his civil and due process rights under 42 U.S.C. §§ 1983, 1985, 1986; 18 U.S.C. §§ 241, 242; and 28 U.S.C. § 1738. The district court consolidated the above complaint with a second complaint filed by Mr. Williams, which asserted a § 1983 claim arising from the alleged abduction of his children prior to his divorce, against, among others, his former wife, JoAnne C. Torrey, and the Iowa district court judge who awarded custody of his children to Ms. Torrey. The district court denied Mr. Williams's requests for injunctive relief and dismissed his related complaints without prejudice. For the reasons stated herein, we affirm.

The district court determined that it must refrain from issuing injunctive relief

---

[1] We grant Mr. Williams's motion to take judicial notice of a memorandum filed in the related New Mexico Court of Appeals case of Williams v. Torrey, No. 17,618, in which Mr. Williams challenges the constitutionality of the Child Support Recovery Act ("CSRA") of 1992, 18 U.S.C. § 228. However, we also note that in United States v. Hampshire, 95 F.3d 999 (10th Cir. 1996), this Court determined that Congress had a rational basis for concluding that the economic impact of delinquent parents substantially affects interstate commerce and, "as a result, [Congress] acted within the power bestowed upon it under the Commerce Clause in enacting the CSRA." Id. at 1006.

under the abstention doctrine developed in Younger v. Harris, 401 U.S. 37 (1971). Younger abstention requires: (1) an ongoing state judicial (or in a proper case administrative) proceeding; (2) the presence of an important state interest; and (3) an adequate opportunity to raise federal claims in the state proceedings. Seneca-Cayuga Tribe of Okla. v. Oklahoma, 874 F.2d 709, 711 (10th Cir. 1989) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). Upon satisfaction of each of the elements, Younger's application is mandatory, "absent extraordinary circumstances that render a state court unable to give state litigants a full and fair hearing on their federal claims." Id. at 711. We review the district court's abstention decision de novo. Id.

First, there is no question there are ongoing state court judicial proceedings: Mr. Williams's complaints arise from proceedings that involve the enforcement of child support obligations resulting from Mr. Williams's and defendant Ms. Torrey's divorce in the second judicial district court of New Mexico, DR92-01432. Furthermore, Mr. Williams acknowledges that the New Mexico proceedings impact his claims for relief stemming from the custody award. That the state is not a party to either of these proceedings and that all the actions are civil do not bar a Younger abstention. Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 11 (1987) (Younger abstention mandated "when certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States

3

and the National Government").

We turn now to the second Younger requirement, "the necessity that the state proceedings implicate an important state interest." Seneca-Cayuga Tribe, 874 F.2d at 711. It is undisputed that issues involving family relations pose questions of important state interest. Moore v. Sims, 442 U.S. 415, 435 (1979) (stating that in adoption proceedings "[f]amily relations are a traditional area of state concern"). In this case, it is clear that the "state . . . obviously has an interest in the orderly conduct of the proceedings in its courts in a manner which protects the interest of the child and the family relationship." Morrow v. Winslow, 94 F.3d 1386, 1397 (10th Cir. 1996); see Pennzoil, 481 U.S. at 11 (holding that application of Younger doctrine is mandatory in a civil proceeding "if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government").

Under the third prong, which requires us to examine whether there was adequate opportunity to raise the federal claims in the state proceeding, even the most "[m]inimal respect for the state processes . . . precludes any presumption that the state courts will not safeguard federal constitutional rights." Middlesex, 457 U.S. at 431 (emphasis supplied). Liberally construing Mr. Williams's pro se complaints, as we must under Haines v. Kerner, 404 U.S. 519, 520 (1972), Mr. Williams contends that there was no bona fide opportunity in the state litigation to raise his federal constitutional claims and thus the

district court should not have applied the Younger doctrine. He alleges that the state court refused to admit any evidence of his constitutional claims. However, the record indicates Mr. Williams had ample opportunity to raise his constitutional claims in the state court proceeding.

Mr. Williams also alleges bad faith on the part of the state court judge, based upon the judge's imposition of penalties upon Mr. Williams for his failure to meet his child support obligations. We cannot agree that there was bad faith or any threat of the infliction of great or immediate irreparable harm upon Mr. Williams, which might preclude abstention.

Similarly, because the state child support statute, N.M. Stat. Ann. § 40-4-7 (Michie 1978), and the CSRA are not "flagrantly and patently" unconstitutional, see United States v. Hampshire, 95 F.3d 999 (10th Cir. 1996) (holding that the CSRA was a legitimate Congressional enaction under the Commerce Clause), and because Mr. Williams cannot make a "showing of bad faith, harassment or some extraordinary circumstances that would make abstention inappropriate," Middlesex, 457 U.S. at 435, we affirm the district court's decision to abstain. See id. (Younger abstention is appropriate "so long as there is no showing of bad faith, harassment or some extraordinary circumstances that would make abstention improper."). Like the Supreme Court in Moore, "[w]e are unwilling to conclude that state processes are unequal to the task of accommodating the various interests and deciding the constitutional questions that may arise in child-welfare

litigation." 442 U.S. at 435.

Finally, because the district court properly abstained from examining Mr. Williams's claims under <u>Younger</u>, we need not decide whether it should have considered his claims under the Anti-Injunction Act, 28 U.S.C. § 2283. The district court's decision to abstain under <u>Younger</u> is AFFIRMED.

Entered for the Court,

Robert H. Henry
Circuit Judge